835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lillie W. AUSTIN, Plaintiff-Appellant,
v.
MICHELIN AMERICAS RESEARCH AND DEVELOPMENT CORP., Defendant-Appellee.
 No. 87-1573.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 7, 1987.
Decided Nov. 27, 1987.
 
 Before CHAPMAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Michael F. Talley (Talley & Lewis on brief), Fletcher N. Smith, Jr. for appellant.
 Fred W. Suggs, Jr. (J. Hamilton Steward, III, Ogletree, Deakins, Nash, Smoak and Stewart, Clayton N. Gompf, Jr., Deborah Thomas Gourdin, Michelin Tire Corporation, and Michelin Americas Research and Development Corporation on brief) for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff, Lillie W. Austin, appeals the March 11, 1987 order of the United States District Court granting summary judgment to defendant, Michelin Americas Research and Development Corp., on plaintiff's claims under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. Secs. 2000(e), et seq., and under 42 U.S.C. Secs. 1981 and 1983. The district court held that the Title VII claim was time barred because the plaintiff failed to file charges with the EEOC within 180 days of the alleged discriminatory acts. The court also held that the plaintiff had failed to state essential elements of a claim under Secs. 1981 and 1983. Austin concedes that the Sec. 1983 claim should not have been included in the complaint and she appeals only the grant of summary judgment on the Title VII and Sec. 1981 claims.
 
 
 2
 Austin contends that Michelin continuously denied her promotions, discriminated against her in the terms and conditions of employment, and unfairly disciplined her, all because she was black. On appeal, Austin advances the continuing violation theory in an effort to bring certain alleged discriminatory acts within the 180-day filing period of Title VII. She also argues that the defendant's hiring and promotion system discriminated against her on a continuing basis. Nevertheless, since Austin failed to show an actual violation within the requisite time period, as required by this court in Woodward v. Lehman, 717 F.2d 909, 914-15 (4th Cir.1983), this claim is time barred. However, even if her Title VII claim were not time barred, there is no substantive merit in this claim for the same reason we find no merit in the Sec. 1981 claim.
 
 
 3
 In support of the Sec. 1981 claim, Austin merely reiterates the unsupported and conclusory allegations of discrimination set out in her complaint, arguing that this is sufficient to establish a prima facie case. As the court below noted, however, once a motion for summary judgment has been filed and properly supported, the plaintiff must go beyond the pleadings and produce "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 4
 After giving careful consideration to the briefs and oral arguments, we cannot disagree with the district court's finding that there are no genuine issues of material fact and that defendant was entitled to summary judgment as a matter of law. We, therefore, conclude that summary judgment for the defendant was proper.
 
 
 5
 AFFIRMED.